

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 1:36 pm, Dec 01, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOHNNY ASBERRY,

      Plaintiff,

v.

WARDEN STEVE UPTON, et al.,[1]

      Defendants.

CIVIL ACTION NO.: 5:19-cv-27

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 5.[2] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1]     Plaintiff named Coffee County Correctional Facility as a Defendant in his initial Complaint but does not name the entity in his Amended Complaint. Doc. 5. Because Plaintiff's Amended Complaint is the operative pleading and it supersedes Plaintiff's initial Complaint, Coffee County Correction Facility should not be named as a Defendant in this suit. Accordingly, the Court **DIRECTS** the Clerk of Court to terminate Coffee County Correctional Facility as a Defendant from the docket and record of this case.

[2]     Plaintiff filed his Complaint on April 15, 2019. Doc. 1. The Court then ordered Plaintiff to file an Amended Complaint. Doc 4. Plaintiff filed his Amended Complaint, which is now the operative Complaint. Doc. 5.

## PLAINTIFF'S CLAIMS[3]

Plaintiff states his books were stolen sometime between October 24 and 28, 2018, when he was transferred to the hospital for surgery and recovery.  Doc. 5-1 at 6–7.  He claims Defendants Cooper, Clark, Graham, Wilkes, Stone, and Upton failed to ensure his property was secure when he was sent to the hospital, in violation of the CoreCivic Corporate and Facility policy.  Id. at 3–5.  Further, he alleges Defendants Graham, K. Davis, and Clemmon interfered with his right to file a grievance relating to the theft of his property.  Id.  Additionally, Defendants Clemmon and A. Davis were negligent in investigating Plaintiff's stolen property, violating his constitutional rights, as well as prison policy.  Id.  Plaintiff is suing all Defendants in their official and individual capacities.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[3] All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 5.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Official Capacity Claims

Plaintiff is suing all Defendants in both their individual and official capacities. Doc. 5. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections. The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the

Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Plaintiff's Negligence Claims

Plaintiff asserts state-law negligence claims against Defendants Cooper, Clark, Graham, Wilkes, Stone, and Upton for failure to follow prison policy by not securing Plaintiff's belongings and Defendants Clemmon and A. Davis for negligently investigating the theft of those belongings.  Doc. 5-1 at 3–5.  Such state-law negligence claims are barred by the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20 *et seq*.  The GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee."  O.C.G.A. § 50-21-25(a).  Pursuant to the GTCA, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."  Id.  This immunity applies even when the officer is accused of committing unauthorized torts that are intentional or malicious.  See Ridley v. Johns, 552 S.E.2d 853, 854 (Ga. 2001).

Georgia law further provides that tort claimants must "name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually."  O.C.G.A. § 50-21-25(b).  In other words, if a state officer or employee is sued for a tort committed while acting within the scope of his or her official duties or employment, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant."  Id.  However, substituting the Georgia Department of Corrections for the individually named Defendants in their individual capacities would be futile in this case.  The GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the

4

State in federal court. O.C.G.A. § 50-21-23(b) ("The [State of Georgia] does not waive an immunity with respect to actions brought in the courts of the United States."); Williams v. Ga. Dep't of Corr., No. 6:11-cv-11, 2012 WL 2839454, at *5 (S.D. Ga. May 2, 2012). As a result, the Georgia Department of Corrections, if substituted for the individually named Defendants, would be immune to suit in federal court.

Further, even if Plaintiff alleged Defendants negligently refused to investigate his grievance about his lost property, he would still fail to state a claim. There is no constitutionally protected liberty interest in a grievance process, including the investigation of grievances. The Eleventh Circuit Court of Appeals has joined other Circuits in holding "that a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure." Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."). "Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983." Wromas v. Cruz, Case No. 2:17-cv-155, 2018 WL 2318038, at *2 (M.D. Fla. May 22, 2018).

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for negligent handling of his property and negligent investigation of his grievance.

### III. Interference With Plaintiff's Ability to File a Grievance

Plaintiff brings a claim against Defendants Graham, K. Davis, and Clemmon for interfering with his ability to file a grievance by refusing to give him the required forms, in violation of the Fourteenth Amendment. Doc. 5-1 at 3–5. Under the Due Process Clause, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S.

Const. amend. XIV, § 1.  "The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; . . . an individual claiming a protected liberty interest must have a legitimate claim of entitlement to it."  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).  As to prison grievance procedures, the Eleventh Circuit has concluded "a prison grievance procedure does not provide an inmate with a constitutionally protected interest . . . ."  Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); see also Dunn, 178 F. App'x at 878 ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.").  Here, because the prison's grievance procedures do not provide Plaintiff with a protected liberty interest, his allegations concerning Defendants Graham, K. Davis, and Clemmon handling of his grievance fail to state a due process claim under § 1983.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's due process claim.

## IV.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

6

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of December, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA